UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WADE D. ARVIDSON, | Civil No. 07-3523 (RHK/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden TIMOTHY WENGLER, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is a prisoner at the Prairie Correctional Facility in Appleton, Minnesota. He is serving a 60-month state prison sentence imposed by a Minnesota state district court following a state criminal conviction. (Petition, [Docket No. 1], p. 5, ¶ 17.)[2] However, Petitioner is not presently challenging his state criminal conviction, or the state prison sentence that he is now serving; but rather, he is attempting to challenge a <u>federal</u> criminal

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] According to a website maintained by the Minnesota Department of Corrections, Petitioner was convicted of a theft offense in Dakota County, Minnesota.

conviction and sentence from several years ago.

The present petition shows that on December 7, 1998, Petitioner pled guilty, in the United States District Court for the District of North Dakota, to a federal criminal charge of being a felon in possession of a firearm and ammunition. On March 5, 1999, Petitioner was sentenced to 30 months in prison for that offense. His sentence also included a two-year term of supervised release. (Id. p.1, ¶s 1-5.) Petitioner attempted to appeal his federal conviction and sentence, but according to his petition, "[h]is [pro se] appeal to set aside the plea agreement was denied." (Id., p. 2, ¶ 11(c),(d).)

Petitioner apparently had completed his 30-month federal prison term, and was serving his two-year federal supervised release term, when he committed the state criminal offense for which he is now incarcerated. It further appears that federal authorities have lodged a "detainer" against Petitioner at the prison where he is serving his state sentence. The lodging of the detainer suggests that Petitioner might be prosecuted sometime in the future for violating the conditions of his federal supervised release. (Id., p. 5, ¶ 17.) Petitioner alleges that "[b]ecause of this detainer he cannot engage in any education or programing in prison." (Id.)

Petitioner is now seeking a writ of habeas corpus that would vacate his 1998 North Dakota federal criminal conviction, and thereby nullify the federal detainer that has been lodged against him. He is attempting to challenge his North Dakota federal conviction and sentence on the following grounds:

(1) that Petitioner's sentence was incorrect, because it was "based on [the] wrong guidelines;"

(2) that Petitioner's sentence was incorrect, because it was based on allegedly erroneous information regarding his previous criminal history;

(3) that Petitioner's plea agreement should be vacated, because he allegedly entered into that agreement "under false information & incomplete information;" and

(4) that the detainer that has been lodged against Petitioner is "too long."[3]

(Id., pp. 3-4, ¶ 12.)

The Court finds, however, that Petitioner's claims for relief cannot be addressed on the merits here, for the reasons discussed below.

## II.   DISCUSSION

Petitioner has filed his application for a writ of habeas corpus on a form entitled "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody." Although Petitioner is presently in state custody, his current claims for relief cannot be raised in a § 2254 habeas corpus petition, because he is not presently challenging the state court judgment that caused him to be incarcerated. Federal habeas relief is available under § 2254 only for state prisoners who are challenging a state court judgment; the remedy provided by that statute is not available to state prisoners who are attempting to challenge a federal conviction or sentence. See Johnson v. Ferrell, No. Civ. A. 00-0936-RV-S (S.D.Ala. 2000), 2000 WL 33156445, *1 ("Petitioner cannot challenge his

---

[3] Petitioner's own description of this "Ground Four," repeated verbatim, and in its entirety, is as follows:

> "Detainer on too long – limited time that Detainer can be kept on – Detainer put on Petitioner July, 2006, by Federal Marshall [sic]. Nothing has been addressed since. Probation officer said he couldn't do anything, needed to contact Judge."

(Petition, p. 4, ¶ 12.D.)

3

federal conviction in an action under § 2254").

As a general rule, a prisoner can seek post-conviction relief from a federal conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a prisoner who is asserting a collateral challenge to a federal conviction or sentence. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration"). No court has jurisdiction to hear such a challenge in a habeas corpus petition, (or by any other means aside from a § 2255 motion), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his North Dakota federal criminal conviction and sentence. Therefore, the present petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a habeas corpus petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because of the one-year statute of limitations that applies to motions brought under that statute. 28 U.S.C. § 2255[ ¶ 6 ]. It appears that a final judgment was entered in Petitioner's North Dakota federal criminal case more than eight years ago, so Petitioner is clearly time-barred from seeking § 2255 relief in the trial court. Therefore, it would not be appropriate to construe Petitioner's present habeas corpus petition to be a § 2255 motion, and then transfer this matter to the North Dakota trial court.

Moreover, Petitioner cannot be allowed to proceed under the savings clause, merely because it is now too late for him to seek relief in a § 2255 motion. The one-year statute of limitations would be rendered meaningless if a time-barred § 2255 petitioner could simply argue that the remedy provided by § 2255 has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a habeas corpus petition, pursuant to the savings clause. Congress could not have intended for the § 2255 statute of limitations to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because... petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also

Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "§ 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not presently eligible for habeas corpus relief, (under § 2254 or otherwise), because he had a reasonable opportunity to raise his current claims for relief in a direct appeal, or in a timely § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to take advantage of those earlier opportunities, and he is now no longer eligible for relief under that statute. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural

opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Because the remedy provided by § 2255 afforded Petitioner a suitable opportunity to raise his current claims for relief, the savings clause does not apply here. Petitioner is therefore barred from bringing those claims in a habeas corpus petition.

### III.  CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his North Dakota federal criminal conviction and sentence; (2) such a challenge can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the statute of limitations, and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action should be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [habeas] petition").

Finally, the Court notes that Petitioner has applied for leave to proceed *in forma*

*pauperis* ("IFP"), pursuant to 28 U. S. C. Section 1915(a) [#3]. That request must be denied, because Petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U. S. C. Section 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.2d 1071, 1074, n.3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's motion to proceed *in forma pauperis* be DENIED [#3]; and

2. This action be summarily DISMISSED FOR LACK OF JURISDICTION

Dated: August  7 , 2007

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 24, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.